UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILSON RODRIGUEZ ROBLES, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 17-11087 |
| ANEL TERESA VENTURA, | ) |
| Respondent. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION**

Petitioner Wilson Rodriguez Robles ("Father") respectfully submits this memorandum of law in support of his Motion for a Preliminary Injunction against Respondent Anel Teresa Ventura ("Mother").

**PREAMBLE**

Father allowed his minor son ("LR") to travel to Boston, Massachusetts from his home in Nagua, Dominican Republic with Mother on or around September 26, 2016. Father always had and continues to have custody rights over LR and authorized LR's travel to the United States, only upon a set of conditions agreed to by Mother. In particular, the parties agreed that Father would maintain regular and consistent communication with LR by telephone and that LR would regularly return to the Dominican Republic to see Father, including during school vacations. Despite these agreed-upon conditions, Mother breached this agreement and denied Father rights of access immediately after departing from the Dominican Republic, cutting off all communications between Father and LR, and thereby depriving Father of all rightful contact with his son. Father, unfortunately, has not seen, much less heard from, LR since.

On June 13, 2017, Father filed a verified petition with this Court to secure access rights pursuant to The Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* (2014) ("ICARA"). (*See* Doc. 1.) In the Petition, Father asks the Court to restore his rightful access to his son, including in the Dominican Republic. By this motion, Father asks the Court to provisionally grant him immediate access to LR, pending the final resolution of this matter. Provisional remedies, such as the relief sought herein are expressly contemplated by the Hague Convention and routinely granted by courts applying the Hague Convention.

## FACTUAL BACKGROUND

Mother is a Dominican national and, upon information and belief, presently resides in the United States with her new partner, Elionel De La Cruz ("Partner"), in Middlesex County, Massachusetts, at 4B Proctor Street, Framingham, Massachusetts 01702. (Doc. 1, ¶ 4.) Father is a Dominican national and resident of the Dominican Republic. LR is a Dominican national, and, upon information and belief, now resides with Mother and Partner in the United States. (*Id.*, ¶ 5.)

LR was born to Father and Mother in the Dominican Republic on September 27, 2007. (*Id.* ¶ 7 and Exh. 2.) Under Article 87 of Law 136-03 Code for System of Protection and Fundamental Rights of Boys, Girls, and Adolescents, LR has the right to maintain permanent and regular contact with Father. (*Id.* ¶ 14 and Exh. 3.) LR has lived with Father since birth and stayed with Father after Father's and Mother's separation. (*Id.* ¶ 15.) LR has always preferred to stay with Father rather than Mother. (*Id.*)

Father signed a travel authorization on September 26, 2016, allowing Mother to take LR with her to the United States. (*Id.* ¶ 24 and Exh. 6.) The authorization was conditioned on the parties' agreement and understanding that Father would be able to continue to communicate with

LR, and LR would from time to time be permitted to return to the Dominican Republic to see Father, such as during vacations from school. (*Id.* ¶ 26.)

LR departed with Mother to the United States on or about September 26, 2016. (*Id.* ¶ 16.) Since then, Mother has prevented Father from communicating or seeing LR, contrary to Father's and Mother's agreement. (*Id.* ¶ 7.) Since LR's departure from the Dominican Republic on or about September 26, 2016, Father has endeavored to communicate with his son. Mother, however, has blocked Father's telephone number and limited LR's visibility on social media from Father. (*Id.* ¶ 8.) Father attempted to seek contact with LR through Partner, but Partner rebuffed Father's efforts and refused Father's calls. (*Id.* ¶ 9.)

On or about February 16, 2017, the United States Department of State sent a letter to Mother regarding Father's application under the Hague Convention to obtain access to LR and sought a response. (*Id.* ¶ 19 and Exh. 4.) Upon information and belief, the United States Department of State has not received a response from Mother. (*Id.*) On or about January 11, 2017, Father applied to the National Council for Children and Adolescents, the Central Authority in the Dominican Republic, seeking access rights with respect to LR. (*Id.* ¶ 23 and Exh. 5.)

LR, then, is incommunicado, concealed completely from Father. Father is worried about LR's welfare. LR remains exclusively in Mother's control, concealed from Father, in violation of Father's rights of access, which he still rightfully maintains. (*Id.* ¶¶ 27-30.)

**ARGUMENT**

Pursuant to Article 7(b) of the Hague Convention and 22 U.S.C. ¶ 9004, the Court is empowered to issue provisional remedies, including preliminary injunctive relief, to protect the well-being of the child involved or to prevent the child's further concealment before the final disposition of the petition. ICARA, 22 U.S.C. § 9004; *see also Yaman v. Yaman*, 730 F.3d 1, 6 (1st Cir. 2013) (referring to District Court's grant of provisional remedies including that children remain in

New Hampshire and appointing a guardian ad litem); *Morgan v. Morgan*, 289 F. Supp. 2d 1067 (N.D. Iowa 2003).  In determining whether to grant preliminary injunctive relief, this Court must consider and weigh four factors: (1) the likelihood of the movant's success on the merits; (2) the possibility that the movant will suffer irreparable harm without an injunction; (3) the balance of hardships between the parties; and (4) the effect, if any, of the Court's ruling on the public interest. *See Waldron v. George Weston Bakeries Inc.*, 570 F.3d 5, 9 (1st Cir. 2009). The first factor in the preliminary injunction calculus normally weighs the heaviest.

In this case, the balance of these factors weighs heavily in favor of granting this motion. First, the Father can easily show a likelihood of success on the merits.  As set forth above, Father has undisputable custody and access rights to LR under the parties' agreement and by operation of Dominican Law.  In addition, Father's verified petition confirms that Mother has prevented Father from exercising those rights by having reasonable access to LR.

Second factor, the irreparable harm to Father is evident in that LR has been incommunicado from Father, with whom LR lived since birth and with whom LR preferred to stay between his two parents. Father and LR have been, and will be, deprived of the love, companionship, guidance, and support of one another during LR's developmental years as a result of Mother's ongoing concealment of LR.

Third, the balance of the hardships also tips in Father's favor. Father is simply asking to reestablish and maintain contact with LR, such as through contact by telephone, email, social media, or in person, and to permit LR to periodically visit Father in the Dominican Republic, such as during vacations from school. Mother will otherwise reside with LR and have continue to have a physical presence in LR's life. No discernible hardship will come to Mother by granting this motion.

- 5 -

Finally, as for the fourth factor, the public interest factor, a ruling in favor of Father would affirm the purpose of the Convention, which is "to protect children internationally from the harmful effects of their wrongful removal or retention . . . as well as to secure protection for rights of access." *See* Convention, Preamble. A ruling in Father's favor would deter a parent, residing in a different member state, from denying another parent's rightful access to his or her concealed child, thereby protecting and supporting the public interest in the future.

**Conclusion**

For the foregoing reasons, this Court should grant preliminary injunctive relief in Father's favor. This Court should provide such relief by requiring Mother to immediately provide Father with access to LR, such as through contact by telephone, email, social media, or in person, and by requiring Mother to allow LR to visit Father in the Dominican Republic.

        Respectfully submitted,

        WILSON RODRIGUEZ ROBLES

        By his attorneys,

        /s/ Phillip Rakhunov
        Phillip Rakhunov (BBO#663746)
        POLLACK SOLOMON DUFFY LLP
        133 Federal Street, Suite 902
        Boston, MA 02110
        617-439-9800 (Tel)
        617-960-0490 (Fax)
        prakhunov@psdfirm.com

Dated: June 19, 2017

## Certificate of Service

      The undersigned certifies that this document will be electronically served on counsel who are registered users of ECF on June 19, 2017 and is being served on the Respondent by a duly qualified process server on June 19, 2017 at the following location:

Anel Teresa Ventura
4B Proctor Street
Framingham, MA 01702

                                                            /s/ Phillip Rakhunov